IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| The Estate of Donald A. Drozd, by and through his Personal Representative, David Drozd, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 3:23-cv-05104-MGL |
| Guardian Life Insurance Company of America and Seibels Services Group, Inc. Plan, | ) ) ) ) | |
| Defendants. | ) | |

**ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT**

Defendant The Guardian Life Insurance Company of America ("Guardian"), by and through its undersigned counsel of record, answers the Complaint ("Complaint") filed in the above-captioned action and states as follows:

1. Guardian admits that this lawsuit is governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, et seq. ("ERISA"); that Donald Drozd ("Decedent") was employed by Seibels Services Group, Inc. ("Seibels"); and that Decedent's employment with Seibels was terminated effective April 3, 2020. Guardian states that Decedent's medical records and the claim file speak for themselves. Guardian denies the remaining allegations of paragraph 1.

2. Guardian is without sufficient information to admit or deny the allegations of paragraph 2 and therefore denies them.

3. Upon information and belief, Guardian admits the allegations of paragraph 3.

1

4. Guardian states that the terms of the Plan speak for themselves. Guardian denies the allegations of paragraph 4 to the extent they are inconsistent with the terms of the Plan.

5. Guardian states that the terms of the Plan speak for themselves. Guardian denies the allegations of paragraph 5 to the extent they are inconsistent with the terms of the Plan.

6. Guardian states that the terms of the Plan speak for themselves. Guardian denies the allegations of paragraph 6 to the extent they are inconsistent with the terms of the Plan.

7. Guardian states that the terms of the Plan speak for themselves. Guardian denies the allegations of paragraph 7 to the extent they are inconsistent with the terms of the Plan.

8. Guardian states that the terms of the Plan speak for themselves. Guardian denies the allegations of paragraph 8 to the extent they are inconsistent with the terms of the Plan.

9. Upon information and belief, Guardian admits the allegations of paragraph 9.

10. Guardian states it is a New York mutual company with its principal place of business in New York. To the extent the allegations of paragraph 10 are inconsistent with this information, Guardian denies those allegations.

11. Guardian states that the terms of the Plan speak for themselves. Guardian denies the allegations of paragraph 11 to the extent they are inconsistent with the terms of the Plan.

12. Guardian denies the allegations of paragraph 12.

13. Guardian states that the terms of the Plan speak for themselves. Guardian denies the allegations of paragraph 13 to the extent they are inconsistent with the terms of the Plan.

14. Guardian admits that it administered claims under the Plan.

15. Guardian denies the allegations of paragraph 15.

16. Guardian denies the allegations of paragraph 16.

17. Guardian admits the allegations of paragraph 17.

18. Guardian admits the allegations of paragraph 18.

19. Guardian admits the allegations of paragraph 19.

20. Upon information and belief, Guardian admits the allegations of paragraph 20.

21. Upon information and belief, Guardian admits the allegations of paragraph 21.

22. Guardian is without sufficient information to admit or deny the allegations of paragraph 22 and therefore denies them.

23. Guardian states that the claim file speaks for itself. Guardian denies the allegations of this paragraph to the extent they are inconsistent with the claim file.

24. Guardian states that the claim file speaks for itself. Guardian denies the allegations of this paragraph to the extent they are inconsistent with the claim file.

25. Guardian is without sufficient information to admit or deny the allegations of paragraph 25, and, therefore, denies them.

26. Guardian states that the claim file speaks for itself. Guardian denies the allegations of this paragraph to the extent they are inconsistent with the claim file.

27. Guardian states that the claim file speaks for itself. Guardian denies the allegations of this paragraph to the extent they are inconsistent with the claim file.

28. Guardian states that the claim file speaks for itself. Guardian denies the allegations of this paragraph to the extent they are inconsistent with the claim file.

29. Guardian states that the claim file speaks for itself. Guardian denies the allegations of this paragraph to the extent they are inconsistent with the claim file.

30. Guardian states that the claim file speaks for itself. Guardian denies the allegations of this paragraph to the extent they are inconsistent with the claim file.

31. Guardian states that the claim file speaks for itself. Guardian denies the allegations

of this paragraph to the extent they are inconsistent with the claim file.

32. Guardian is without sufficient information to admit or deny the allegations of paragraph 32, and, therefore, denies them.

33. Guardian states that the claim file speaks for itself. Guardian denies the allegations of this paragraph to the extent they are inconsistent with the claim file.

34. Guardian states that the claim file speaks for itself. Guardian denies the allegations of this paragraph to the extent they are inconsistent with the claim file.

35. Guardian states that the claim file speaks for itself. Guardian denies the allegations of this paragraph to the extent they are inconsistent with the claim file.

36. Guardian states that the claim file speaks for itself. Guardian denies the allegations of this paragraph to the extent they are inconsistent with the claim file.

37. Guardian states that the claim file speaks for itself. Guardian denies the allegations of this paragraph to the extent they are inconsistent with the claim file.

38. Guardian states that the claim file speaks for itself. Guardian denies the allegations of this paragraph to the extent they are inconsistent with the claim file.

39. Guardian is without sufficient information to admit or deny the allegations of paragraph 39, and, therefore, denies them.

40. Guardian states that the claim file speaks for itself. Guardian denies the allegations of this paragraph to the extent they are inconsistent with the claim file.

41. Guardian states that the claim file speaks for itself. Guardian denies the allegations of this paragraph to the extent they are inconsistent with the claim file.

42. Guardian states that the claim file speaks for itself. Guardian denies the allegations of this paragraph to the extent they are inconsistent with the claim file.

43.     Guardian states that the claim file speaks for itself. Guardian denies the allegations of this paragraph to the extent they are inconsistent with the claim file.

44.     Guardian states that the claim file speaks for itself. Guardian denies the allegations of this paragraph to the extent they are inconsistent with the claim file.

45.     Guardian states that the Plan speaks for itself. Guardian denies the allegations of this paragraph to the extent they are inconsistent with the Plan.

46.     Guardian states that the claim file speaks for itself. Guardian denies the allegations of this paragraph to the extent they are inconsistent with the claim file.

47.     Guardian states that the claim file speaks for itself. Guardian denies the allegations of this paragraph to the extent they are inconsistent with the claim file.

48.     Guardian states that the claim file speaks for itself. Guardian denies the allegations of this paragraph to the extent they are inconsistent with the claim file.

49.     Guardian states that the claim file speaks for itself. Guardian denies the allegations of this paragraph to the extent they are inconsistent with the claim file.

50.     Guardian states that the claim file speaks for itself. Guardian denies the allegations of this paragraph to the extent they are inconsistent with the claim file.

51.     Guardian states that the claim file speaks for itself. Guardian denies the allegations of this paragraph to the extent they are inconsistent with the claim file.

52.     Guardian states that the claim file speaks for itself. Guardian denies the allegations of this paragraph to the extent they are inconsistent with the claim file.

53.     Guardian states that the claim file speaks for itself. Guardian denies the allegations of this paragraph to the extent they are inconsistent with the claim file.

54.     Guardian states that the claim file speaks for itself. Guardian denies the allegations

of this paragraph to the extent they are inconsistent with the claim file.

55. Guardian states that the claim file speaks for itself. Guardian denies the allegations of this paragraph to the extent they are inconsistent with the claim file.

56. Guardian states that the claim file speaks for itself. Guardian denies the allegations of this paragraph to the extent they are inconsistent with the claim file.

57. Guardian states that the claim file speaks for itself. Guardian denies the allegations of this paragraph to the extent they are inconsistent with the claim file.

58. Guardian states that the claim file speaks for itself. Guardian denies the allegations of this paragraph to the extent they are inconsistent with the claim file.

59. Guardian states that the claim file speaks for itself. Guardian denies the allegations of this paragraph to the extent they are inconsistent with the claim file.

60. Guardian states that the claim file speaks for itself. Guardian denies the allegations of this paragraph to the extent they are inconsistent with the claim file.

61. Guardian states that the claim file speaks for itself. Guardian denies the allegations of this paragraph to the extent they are inconsistent with the claim file.

62. Upon information and belief, Guardian admits the allegations of paragraph 62.

63. Guardian denies that Plaintiff is entitled to any relief or recovery of any kind, including the forms of relief requested in paragraph 63.

**FOR A FIRST CASE OF ACTION**
(For benefits, taxable costs, interest, and attorney's fees)
Pursuant to ERISA,
29 U.S.C. §§ 1132(a)(1)(B) and (g)

64. Guardian realleges and incorporates herein all of the responses in the foregoing paragraphs of its Answer.

65. Guardian denies the allegations of paragraph 65.

66. Guardian denies the allegations of paragraph 66.

67. Guardian denies that Plaintiff is entitled to an award of fees.

68. Guardian denies that Plaintiff is entitled to an award of fees.

69. Guardian denies that Plaintiff is entitled to an award of fees.

70. Guardian denies that Plaintiff is entitled to any relief or recovery of any kind, including the forms of relief requested in paragraph 70.

In response to the unnumbered WHEREFORE paragraph, Guardian denies that Plaintiff is entitled to the relief requested, or any other relief of any kind, and demands strict proof thereof. To the extent the allegations in the Complaint have not been expressly admitted or denied, they are hereby denied.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

Plaintiff is not entitled to recovery because Decedent did not qualify for benefits under the terms of the Plan.

### THIRD DEFENSE

The terms and conditions of the Plan speak for themselves, are plain and unambiguous, and must be afforded their proper contractual language interpretation. Plaintiff and Decedent are bound by the terms and conditions of the Plan.

### FOURTH DEFENSE

If Plaintiff recovers benefits under the Plan, such benefits are subject to all of the applicable terms, conditions, exclusions and offset provisions as provided for in the Plan.

## FIFTH DEFENSE

Guardian did not breach any duty or obligation allegedly owed to Plaintiff and/or Decedent.

## SIXTH DEFENSE

Plaintiff's allegations fail to form the basis for an award of attorney's fees pursuant to 29 U.S.C. § 1132(g)(1). Plaintiff would not be entitled to an award of attorney's fees or costs incurred prior to the commencement of this action.

## SEVENTH DEFENSE

Plaintiff's claims are barred because Decedent failed to satisfy conditions precedent to coverage under the terms of the Plan.

## EIGHTH DEFENSE

Plaintiff's claims are barred because the claim determination was correct and was not arbitrary, capricious, or unreasonable.

## NINTH DEFENSE

Guardian reserves the right to assert additional defenses as litigation progresses in this case. To the extent that any of the allegations in the Complaint have not been expressly admitted or denied, they are hereby denied.

**WHEREFORE**, having fully responded to the allegations contained in the Complaint, Guardian prays that Plaintiff take nothing by this action; that Plaintiff's claim be dismissed, with costs awarded to Guardian; and for such other and further relief as the Court deems just and proper.

Respectfully submitted this 21st day of November, 2023.

*/s/G. Benjamin Milam*
G. Benjamin Milam (SC Bar No. 80311)
**Bradley Arant Boult Cummings LLP**
214 North Tryon Street, Suite 3700
Charlotte, NC 28202-1078
Tel.:  (704) 338-6000
Fax:  (704) 332-8858
Primary e-mail: bmilam@bradley.com

*Attorney for Defendant The Guardian Life Insurance Company of America*

9

## CERTIFICATE OF SERVICE

      I hereby certify that on November 21, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Nekki Shutt<br>
Burnette Shutt & McDaniel, PA<br>
Post Office Box 1929<br>
Columbia, South Carolina 29202<br>
nshutt@burnetteshutt.law

                                              */s/G. Benjamin Milam*